UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MOSES C. CALDWELL

v.  C.A. NO. 10-015ML

DONALD W. WYATT DETENTION FACILITY ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff Moses C. Caldwell ("Plaintiff"), *pro se*, a detainee incarcerated at the Donald W. Wyatt Detention Facility ("Wyatt"), filed a complaint pursuant to 42 U.S.C. §1983 ("§1983") regarding the conditions of confinement at Wyatt (the "Complaint" or "Cmpt.") (Docket # 1). Plaintiff names as defendants: (i) Wyatt; (ii) Michael Fair; (iii) Associate Warden Tapley; (iv) Major Botelo; and (v) Jean Singleton (collectively, "Defendants"). Presently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 9).

This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and Plaintiff's motion to proceed *in forma pauperis* be DENIED.

BACKGROUND

The following background is based on allegations in the Complaint, which are taken as true for the purposes of this Report and Recommendation.

On or about November 26, 2009, "[D]efendants" placed Plaintiff on administrative detention. Cmpt. at ¶ 9. Thereafter, he was housed in G-Pod, a unit maintained "for the exclusive purpose of housing detainees who are awaiting disciplinary sanctions and administrative detention." *Id.* at ¶ 12. On or about November 27, 2009, Plaintiff requested access to the digital based law library, electronic databases which are "located in every housing unit except G-Pod." *Id.* at ¶¶ 11-12. "[D]efendants" notified Plaintiff that he would not be allowed access to the law library, but informed him that instead he could submit a written request

1

for his legal research "detailing the specific cites, statutes, rules, etc." *Id.* at ¶ 14. Plaintiff responded that without access to the law library he would have no way of knowing what to request. *Id.* at ¶ 15. Plaintiff explained this dilemma to Botelo to no avail. *Id.* at ¶ 16. Three weeks later, Singleton suggested Plaintiff provide employee Watson uncited requests, but after two months the materials he had requested had still not been provided to him. *Id.* at ¶¶ 17, 29 & 38. Plaintiff further complains that Defendants have failed to provide an alternative of persons trained in the law to assist him.

Plaintiff alleges in Counts I and II of the Complaint that Defendants' actions and policies denying him access to the law library and failing to provide persons trained in the law injured him by preventing him from "adequately accessing in a meaningful manner the law library." *Id.* at ¶ 26. Plaintiff does not provide any details about the alleged injury. Plaintiff further alleges in Count III of the Complaint that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment because only detainees housed in G-Pod are denied access to the digital based law library. Plaintiff seeks an injunction requiring Defendants to allow him access to the law library and provide him assistance from persons trained in the law.

## DISCUSSION

### I. Screening Standard Under §1915(e)(2)

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A complaint fails to state a claim on which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); Fed.R.Civ.P. 8(a)(2).

As Plaintiff has filed this action under §1983, he must demonstrate that the conduct of which he complains (i) was committed by a person acting under color of state law and (ii) deprived him of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). With respect to the first prong, the Defendants, other than Wyatt, are employees of a private entity, the Central Falls Detention Facility Corporation, rather than government employees. However, this Court has previously ruled that the employees of a corporation operating Wyatt should be considered as acting under state law for purposes of § 1983. *LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 140-142 (D.R.I. 2004)(Judge Lagueux)(as the private entity operating Wyatt and the individual prison guards there carry out a traditional public function and derive their authority over plaintiff from state law, they act under color of state law for purposes of § 1983); *but see Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 58 (D.R.I. 2003)(Judge Torres)(finding that employees at Wyatt acted under the color of federal, rather than state, law). With respect to the second prong, however, although Plaintiff urges that Defendants' actions violated his constitutional rights, a review of the Complaint reveals that Plaintiff has failed to state a claim on which relief may be granted regarding his claims.

## II. Law Library and Person Trained in the Law

In *Bounds v. Smith*, the United States Supreme Court held that prisoners have a constitutional right to meaningful access to the courts. 430 U.S. 817, 821 (1977). The Supreme Court refined its analysis of this constitutional right in *Lewis v. Casey*, declaring that, although prisoners have a right to access to the courts, this right is not "an abstract, freestanding right to a law library or legal assistance." 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996). To pursue a denial of access claim, a prisoner must allege that he or she suffered an actual injury, such as the frustration of a nonfrivolous legal claim, as a result of the alleged interference with his or her access to the court. *Id.* at 350-53.

Here, Caldwell fails to sufficiently allege an injury to a nonfrivolous legal claim. He states repeatedly that he has been injured, but does not specify what legal claim has been frustrated or how it has been impeded. Therefore, even accepting his statements in the Complaint as true, Counts I and II of the Complaint fail to state claims upon which relief may be granted and should be dismissed. I so recommend.

**III.     Equal Protection**

The Equal Protection Clause seeks to ensure that similarly situated people are treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). It "'does not require things which are different in fact or opinion to be treated in law as though they were the same.'" *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382 (1982)(citation omitted). Whether persons are considered similarly situated depends on "'whether a prudent person, looking objectively at the incidents, would think them roughly equivalent .... In other words, apples should be compared to apples.'" *Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mortg.*, 246 F.3d 1, 8 (1st Cir. 2001)(citation omitted). Further, "it is the plaintiff's burden to demonstrate that she is comparing apples to apples." *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 76 (1st Cir. 2004).

Here, Plaintiff contends that the Defendants' actions and policies denying electronic law library data base access to detainees housed in G-Pod creates a disparate class of detainees, and that "Plaintiff as a member of this has been injured in that he does not enjoy the same rights and privileges as those similarly situated." Cmpt. at ¶ 45. Plaintiff further alleges that the "[D]efendants [sic] policy as applied to Plaintiff has reduced the Plaintiff to a status no greater to [sic] those on detention status for violating a rule or regulation." *Id.* at ¶ 46. The Complaint, which describes only how detainees in G-Pod are distinct from detainees in other housing units (i.e., they are awaiting disciplinary sanctions and administrative detention), fails to state a viable equal protection claim, however, because it fails provide allegations demonstrating that detainees in G-Pod are similarly situated enough to detainees in other housing units to require similar law library rights. *See Dupont v. Dubois*, 99 F.3d 1128 (1st Cir. 1996)(Table)(inmate's 'bare allegation' that the more restrictive law library access rules placed on Departmental Disciplinary Unit (DDU) inmates compared to other inmates in disciplinary segregation did not state an Equal Protection claim where he failed to establish that the other inmates he referred to were situated similarly enough to DDU inmates to require similar law library rights); *see also Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006)(dismissing as frivolous prisoner's equal protection claim because administrative segregation inmates are not similarly situated to general population inmates for equal protection analysis).

4

## CONCLUSION

For the reasons set forth above, I recommend the dismissal of all counts in the Complaint for failure to state a claim on which relief may be granted. Accordingly, having recommended the dismissal of all claims in the Complaint, I recommend that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
May 11, 2010